13-4013-cr
*United States v. Chen*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

Present:
　　　　　PETER W. HALL,
　　　　　GERARD E. LYNCH,
　　　　　SUSAN L. CARNEY,
　　　　　　　　*Circuit Judge*s.

_____

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　　　　No. 13-4013-cr

YU MING CHEN,

　　　　　*Defendant–Appellant*.

_____

FOR APPELLANT:　　　　Nicholas J. Pinto, New York, NY.

FOR APPELLEE:　　　　　Paul M. Monteleoni and Karl Metzner, Assistant United States
　　　　　　　　　　　　Attorneys, *for* Preet Bharara, United States Attorney for the
　　　　　　　　　　　　Southern District of New York, New York, NY.

_____

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Yu Ming Chen ("Chen") appeals from a final judgment of conviction and sentence entered by the United States District Court for the Southern District of New York after a jury found him guilty of conspiracy to import and distribute ketamine. On appeal, Chen argues that the Government's evidence was insufficient to support a conviction for the charged offenses and that the district court erred in applying a leadership enhancement at sentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Challenges to sufficiency of the evidence are reviewed *de novo* and will be rejected if, "viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004) (internal quotation marks omitted). The evidence must be viewed in its totality, and circumstantial evidence alone may be sufficient to establish guilt beyond a reasonable doubt. *United States v. Glenn*, 312 F.3d 58, 63-64 (2d Cir. 2002). We "defer to a jury's assessments with respect to credibility, conflicting testimony, and the jury's choice of the competing inferences that can be drawn from the evidence, [but] specious inferences are not indulged." *Jones*, 393 F.3d at 111 (internal quotation marks and citation omitted).

The Government's case rested heavily on the testimony of Yong Biao Li ("Li"), a cooperating witness. Li testified that Chen asked him to sell ketamine in the United States, that

Chen shipped ketamine to a Brooklyn flower shop from Guangzhou, China, and that Chen would notify Li of when the ketamine shipments were coming in and when they had arrived. Li further testified that he gave Chen money—sometimes in excess of $14,000 per kilogram—after the drugs reached the United States. When Chen was in the United States, Li gave him the money directly. When Chen was in China, Li either sent the money to Chen, or to other people designated by Chen, or gave it to Chen's friend in the United States. Li testified that he was involved in dealing ketamine with Chen for four to five years, "sometimes about 20, 30, even 40 boxes of [ketamine] per year." Supplemental App. 13.

On appeal, Chen attempts to bifurcate the analysis of the evidence, framing his argument in terms of the sufficiency of the "credible evidence," a category that excludes Li's testimony. We will not, however, supplant the jury's evaluation of Li's credibility as a witness, a determination that falls squarely within the jury's purview. *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006). Put simply, "the proper place for a challenge to a witness's credibility is in cross-examination and in subsequent argument to the jury, not in an appellate brief." *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989) (internal quotation marks omitted). While the defense availed itself of these opportunities, it failed to carry the day.

Chen's argument that Li's testimony was uncorroborated also fails. "The fact that a conviction may be supported only by the uncorroborated testimony of a single accomplice is not a basis for reversal if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt. Any lack of corroboration goes merely to the weight of the evidence, not to its sufficiency." *United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990) (internal citation omitted). Accordingly, "[w]hether or not there is corroboration for an accomplice's testimony, the weight of the evidence is a matter for argument to the jury, not a ground for

3

reversal on appeal, and we must defer to the jury's assessments of both the weight of the evidence and the credibility of the witnesses." *Id.* (internal citation omitted). Here, not only is Li's testimony not incredible on its face, but it is bolstered by additional evidence that tends to corroborate his assertions, including, most notably, transcripts of intercepted calls between Chen and Li, and Li and other co-conspirators.

In sum, the Government proffered sufficient evidence to support the jury's determination that Chen was guilty of conspiracy to import and distribute ketamine beyond a reasonable doubt.

We turn to Chen's argument that the district court committed procedural error by applying an enhancement to Chen's base offense level grounded in its finding that Chen was a leader or organizer of the criminal enterprise. A procedural error occurs, *inter alia*, when a district court "makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

The Sentencing Guidelines directs district courts to increase a defendant's offense level by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a) (hereinafter "leader/organizer enhancement"). The Application Notes list several factors that district courts should consider when determining whether the leader/organizer enhancement is warranted, including the defendant's "exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4. Because a district court's decision as to whether a specific

4

defendant should receive the leader/organizer enhancement is factual in nature, it will not be overturned absent clear error. *United States v. Garcia*, 936 F.2d 648, 656 (2d Cir. 1991).

After reviewing both parties' sentencing memoranda and considering the arguments made at the sentencing proceeding regarding the leader/organizer enhancement, the district court found that Chen "was an organizer or leader . . . substantially for the reasons advanced in the government's [sentencing memorandum]." J.A. 27–28. Those reasons include "Chen's recruitment of Li, control of the supply of ketamine, and ultimate receipt of the proceeds." Supplemental App. 173. The record evidence, as described above, supports these assertions. We thus conclude that because the defendant's offense conduct falls squarely within the range of behavior covered by the leader/organizer enhancement, the district court did not err in applying that enhancement.

We have considered all of Chen's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5